**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-60798
Summary Calendar

FRANK BAUSEMER,

Petitioner,

VERSUS

ROBERT REICH, Secretary of Labor, and TEXAS UTILITIES ELECTRIC Co.,

Respondents.

Appeal from a Final Decision and Order
of the Secretary of Labor

(91-ERA-20)

October 14, 1996

Before GARWOOD, JOLLY, DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank Bausemer, a nuclear industry quality control inspector, filed a complaint with the Administrator of the Wage and Hour Division ("Wage-Hour"), U.S. Department of Labor, alleging that TU Electric had engaged in a pattern of blacklisting him for rehire at

---

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the Comanche Peak Nuclear Power Plant, because of his role in reporting safety violations to the Nuclear Regulatory Commission.

Wage-Hour conducted an investigation and issued a notice of determination, indicating that it did not find that TU Electric had denied Bausemer employment for this reason. At Bausemer's request, a hearing was held before an administrative law judge. Thirteen witnesses were called to testify and documentary evidence was admitted.

The administrative law judge recommended dismissal of Bausemer's complaint on the basis that it was untimely filed, and that Bausemer had failed to establish a causal connection between his protected activity and TU Electric's decision not to rehire him.

The Secretary issued a final decision and order dismissing the complaint. The Secretary disagreed with the administrative law judge's finding that the complaint was time-barred, concluding that the limitations period was tolled under the doctrine of equitable tolling. The Secretary found, however, that although Bausemer established a prima facie case of discrimination, he did not sustain his burden of proving that the employer's reason for denying him employment as a receiving inspector was pretextual under the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Secretary determined that the dual motive analysis applied in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977), "does not come into play because

[Bausemer] did not prove by a preponderance of the evidence that [TU Electric] was motivated by an illegitimate reason."

After considering Bausemer's appeal, we uphold the Secretary's decision because it was not arbitrary, capricious, an abuse of discretion, or otherwise in conflict with law. *Hawkins v. Agricultural Mktg. Serv., Dep't of Agriculture, U.S.A.*, 10 F.3d 1125, 1128 (5th Cir. 1993). The Secretary's factual findings are supported by substantial evidence. "Under the substantial evidence review standard, this Court may not displace the factfinder's 'choice between two fairly conflicting views, even though the court would justifiably have made a difference choice had the matter been before it de novo.'" *Dunham v. Brock*, 794 F.2d 1037, 1040 (5th Cir. 1986) (quoting *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 405 (1962)). In sum, the court "may not reweigh the evidence, try the issues de novo, or substitute [its] judgment for that of the Secretary." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1984 (1995) (citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989)).

Accordingly, the decision of the Secretary is AFFIRMED.